IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JOSE MANUEL MILLE LEBRON<br>*Debtors.* | CASE NO. 13-10184-ESL<br><br>CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF THE
## CHAPTER 13 PLAN FILED MAY 7, 2014

TO THE HONORABLE COURT:

**COMES NOW** the secured creditor, DORAL RECOVERY II LLC. (hereinafter as "Doral"), by and through the undersigned attorney, and very respectfully requests that this Honorable Court deny the confirmation of the Chapter 13 Plan (hereinafter as the "plan") filed May 7, 2014. After carefully reviewing the Plan, Doral hereby objects to the confirmation of the Plan, as more fully argued below: [1]

1. On December 7, 2013 Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (hereinafter as the "Code").

2. Doral is the holder of a mortgage note, account number 8489, encumbering debtor's residence located at Emajaguas Ward in the Municipality of Maunabo, Puerto Rico. Account no. 8489 expired on December, 2013.

3. Debtor's proposed plan provides, in the pertinent part regarding account no. 8489, for in full payment of Doral's claim.

---

[1] Doral specifically reserves the right to raise any other objections to the Plan, besides those here presented and/or to supplement these objections at the hearing on the same or otherwise. Nothing contained herein shall be construed as a waiver of any such additional objections.

Objection to confirmation
#13-10184-ESL
Page 2

4. For the reasons that will be discussed below, and pursuant to sections 1325(a)(5) and section 506 (b) of the Code, appearing creditor submits the present objection to confirmation of the Plan.

5. Section 1325(a)(5) of the Code states that the Court shall confirm a plan if with respect to each allowed secured claim provided for by the plan, the secured creditor (1) has accepted the plan, (2) the plan provides for the holder of the claim to retain the lien, or (3) debtor surrenders the property securing such claim to holder.

6. In turn, section 506 (b) states that, to the extent that an allowed secured claim is secured by property the value of which is greater that the amount of such claim, the holder is entitled to interest on such claim, as well as, reasonable fees, costs or charges provided for under the agreement.

7. The chapter 13 plan has no provision concerning payment of interests for Doral's claim as provided by section 506 (b). As per debtor's schedule A, the real property in question has a value of $190,000.00 and the liens encumbering the property are listed for a total amount of $24,000.00, thus, Doral is an oversecured creditor entitled to interest.

8. There is a rebuttable presumption that the contract rate is the proper rate in a chapter 13 case, see In re Gray, 2008 WL 5068849 (2008) citing In re Ibarra, 235 B.R. 204 (DPR 1999).

9. At this moment, appearing creditor does not accept the plan and Debtor has failed to surrender the real property to Doral. It is respectfully requested that the proposed Plan be denied for failure to comply with the bankruptcy provisions.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above-stated, deny the confirmation of the Plan filed on May 7, 2014 and grant any other relief that the Court deems just and proper.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all those who in this case have registered for receipt of notice by electronic mail. I further certify that the foregoing has been served to non CM/ECF participants: debtors-address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of September, 2014.

FIDDLER, GONZALEZ & RODRIGUEZ, PSC
Counsel for Doral
P.O. Box 363507
San Juan, PR 00936-3507
Tel. 787-759-3242
Fax. 787-759-3108
rgarcia@fgrlaw.com

*S/ROSAMAR GARCÍA FONTÁN*
ROSAMAR GARCIA FONTAN
USDC-PR #221004