IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 17-03864 ESL |
| REYNALDO LOPEZ MORALES | * | CHAPTER 13 |
| DEBTOR | * | |

### DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329

**TO THE HONORABLE COURT:**

**COMES NOW, REYNALDO LOPEZ MORALES**, the Debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

1. The DEBTOR is hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated December 20, 2018, herewith and attached to this motion.

2. This Plan modification is filed to **increase the Plan base to $7,960.00 by extending to 39 months the $245.00 Plan payments, in order to pay in full the balance owed to BPPR POC #1-1 (car loan); provide car insurance to BPPR's car collateral, and cure the Plan arrears,** in the above captioned case.

### NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Page -2-
Post Confirmation Modification 11 USC 1329
Case no. 17-03864 ESL13

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the debtor and to all creditors and interested parties appearing in the master address list, hereby attached.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 20th day of December, 2018.

/s/*Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 FAX 787-746-5294
Email: rfigueroa@rfclawpr.com

**UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico, San Juan Division**

| | |
|---|---|
| In Re<br>**LOPEZ MORALES, REYNALDO**<br><br>XXX-XX-**2935**<br><br>XXX-XX-<br><br><br>**Puerto Rico Local Form G**<br><br>**Chapter 13 Plan dated** 12/20/2018 | Case No: **3:17-bk-3864 ESL**<br><br>Chapter 13<br><br>[ ] Check if this is a pre-confirmation amended plan.<br><br>[X] Check if this is a post confirmation amended plan<br>   Proposed by:<br>      [X] Debtor(s)<br>      [ ] Trustee<br>      [ ] Unsecured creditor(s)<br><br>[X] If this is an amended plan, list below the sections of the plan that have been changed.<br><br>2.1; 3.7; 4.6 |

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.**

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make payments to the trustee as follows:

*Puerto Rico Local Form G (LBF-G)   Chapter 13 Plan Page 1*

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 100.00 | 11 | 1,100.00 | |
| 245.00 | 0 | 0.00 | |
| 245.00 | 28 | 6,860.00 | |
| Subtotals | 39 | 7,960.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Banco Popular de Puerto Rico** | 2012 Hyundai Genesis Coupe | 571.71 | 1,126.78 | 0.00% | | 1,126.78 |
| | | Disbursed by: [ ] Trustee [X] Debtor(s) | | Months | Starting on Plan Month | |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[X] None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 2

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   [X] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

   *Check one.*
   [X] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

   *Check one.*
   [X] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
   [ ] Payments pursuant to 11 USC §1326(a)(1)(C):

   | Name of secured creditor | $ Amount of APMP | Comments |
   |---|---|---|
   | **None** | | |

   *Insert additional lines as needed.*

   Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*
   [ ] **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

   Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

   | Name of Creditor Trustee | ID# | Claim Amount | Estimated Total Monthly | Interest Rate | Term (Months) | P&I | Taxes (Escrow) | Insurance Pmt (Escrow) | Total PMTs |
   |---|---|---|---|---|---|---|---|---|---|
   | Banco Popular | POC# 1-1 | **$4,032.96** | | % | | $ | $ | $ $ | **$4,032.96** |

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

   Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
   Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

   *Check one.*

   [X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

   **OR**

   [ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ <u>1,000.00</u> |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ <u>2,000.00</u> |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ <u>500.00</u> |

### 4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### 4.6 Post confirmation property insurance coverage

*Check one.*
[ ] **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

| Name of Creditor Insured | Insurance Company Trustee | Insurance Coverage Beginning Date | Estimated Insurance Premium | Estimated total to be paid payments by |
|---|---|---|---|---|
| **Banco Popular PR** | **Eastern American Ins** | December/2018 | $ 45.00 | $ _____ |
| | | | Distributed by: | |
| | | | [X] Trustee<br>[ ] Debtor(s) | |

## PART 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[X] <u>100</u>% of the total amount of these claims, an estimated payment of $ <u>505.26</u>.

[ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory

contracts and unexpired leases are rejected.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

### 7.1 Property of the estate will vest in the Debtor(s) upon

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

### 7.2 Plan distribution by the trustee will be in the following order:
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

### 8.1 Check "None" or list the nonstandard plan provisions

[ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
**The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).**

**8.3 <u>This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the Plan</u>:** Tax refunds will be devoted each year, as periodic payments, to fund the Plan until the Plan's completion. The tender of such payments shall deem the Plan modified by such amount(s), increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor needs to use all or such portion of such tax refunds, the Debtor shall seek Court's authorization prior any use of funds.

**8.4 <u>This Provision Supplements Part 5.1 : General Unsecured Payment:</u>**
**Debtors will pay GENERAL UNSECURED in full (100% + 4.25% interest per annum) under Chapter 13 Plan, as per current Liquidation Value and in compliance with the best interest of creditors test.**

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 5*

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/Roberto Figueroa-Carrasquillo

Signature of attorney of Debtor(s)

Date December 20, 2018

/s/Reynaldo Lopez Morales

REYNALDO LOPEZ MORALES

Date December 20, 2018
Date

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing          POPULAR AUTO                             US Bankruptcy Court District of P.R.
0104-3                                    PO BOX 366818                            Jose V Toledo Fed Bldg & US Courthouse
Case 17-03864-BKT13                       SAN JUAN, PR 00936-6818                  300 Recinto Sur Street, Room 109
District of Puerto Rico                                                            San Juan, PR 00901-1964
Old San Juan
Thu Dec 20 13:50:52 AST 2018

ACC Absolute Collections                  BANCO POPULAR DE PUERTO RICO             Banco Popular de Puerto Rico
PO Box 880306                             BANKRUPTCY DEPARTMENT                    PO Box 362708
San Diego, CA  92168-0306                 PO BOX 366818                            San Juan, PR  00936-2708
                                          SAN JUAN PR 00936-6818


Bp-Crline                                 DTOP                                     Fedloan
PO Box 2708                               PO Box 41269 Minillas Station            PO Box 60610
San Juan, PR  00936                       San Juan, PR  00940-1269                 Harrisburg, PA  17106-0610



GECRB/JC Penney                           Midland Funding LLC                      POPULAR AUTO
PO Box 965007                             2365 Northside Dr # 300                  BANKRUPTCY DEPARTMENT
Orlando, FL  32896-5007                   San Diego, CA  92108-2709                PO BOX 366818
                                                                                   SAN JUAN PUERTO RICO 00936-6818


PRTC AXESA                                Rodriguez Fernandez Law Offices, P.S.C.  Synchrony Bank/Sams Club
PO Box 191225                             PO Box 71418                             PO Box 965005
San Juan, PR  00919-1225                  San Juan, PR  00936-8518                 Orlando, FL  32896-5005



Wellington Presinal                       JOSE RAMON CARRION MORALES               MONSITA LECAROZ ARRIBAS
Collections Officer                       PO BOX 9023884                           OFFICE OF THE US TRUSTEE (UST)
400 Americo Miranda                       SAN JUAN, PR 00902-3884                  OCHOA BUILDING
San Juan, PR 00927-5142                                                            500 TANCA STREET  SUITE 301
                                                                                   SAN JUAN, PR 00901


REYNALDO LOPEZ MORALES                    ROBERTO FIGUEROA CARRASQUILLO            End of Label Matrix
HC 04 BOX 4296                            PO BOX 186                               Mailable recipients    19
HUMACAO, PR 00791-8919                    CAGUAS, PR 00726-0186                    Bypassed recipients     0
                                                                                   Total                  19
```